# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JOEL HAPPY SIWE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. 4:12-cv-3563-AKK-TMP** |
| ) | |
| **ERIC H. HOLDER, JR., et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This cause is before the court on the Petitioner's objections to the magistrate judge's report and recommendation dated May 19, 2014, and to the supplemental report and recommendation dated June 30, 2014. Having now carefully reviewed and considered *de novo* the two reports and recommendations, the objections to them, and other relevant materials in the court file, the court concludes that the reports are due to be and hereby are ADOPTED, and the recommendations of dismissal without prejudice are ACCEPTED IN PART and REJECTED IN PART. By separate order the court will dismiss Petitioner's claim for relief under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) as being premature, but will RECOMMIT this *habeas* action to the magistrate judge with instructions to obtain a status update on Petitioner's immigration proceedings and to assess whether, in light of that new information,

constitutional due process may require *habeas* relief with respect to Petitioner's continued mandatory detention under § 1226(c).

Read together, the magistrate judge's two reports and recommendations make two findings: (1) because there is no final order for the removal of the Petitioner, any claim made under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) is premature and due to be dismissed without prejudice to asserting the claim when it accrues; and (2) because there is no final order of removal, Petitioner's entitlement to release on bond pending completion of the immigration proceedings is controlled by the *mandatory* detention provisions of 8 U.S.C. § 1226(c). Petitioner does not really challenge the first of these conclusions, and acknowledges that his immigration proceedings are again before the Board of Immigration Appeals ("BIA") following the decision of the Fifth Circuit Court of Appeals vacating and remanding the previous final order of removal. Because a final order of removal no longer exists (and the now-vacated one previously entered was stayed), there is no triggering of the presumptive "removal period" at the heart of *Zadvydas*. As such, Petitioner's claim that Respondents have detained him longer than the removal period is premature and must be dismissed without prejudice. Petitioner is free to assert the claim when and if it accrues in the future.

Petitioner's main argument is that he is entitled to a bond hearing for an individualized assessment of whether he is a flight risk or danger to the community. He

points out that Respondents have held him in actual, physical, continuous custody since June 1, 2011, and that real constitutional due process questions arise if the mandatory detention provisions of § 1226(c) apply to him. As the magistrate judge explained, however, only half of this time qualifies as mandatory detention under § 1226(c). The rest of Petitioner's detention period followed the entry of the now-vacated final order of removal, pursuant to § 1231, while Petitioner litigated the order of removal before the Fifth Circuit Court of Appeals. Still, the court cannot ignore that Petitioner has been in Homeland Security custody under § 1226(c) as a "criminal alien" for about 19 months.[1] Nonetheless, at this juncture, the court cannot say that such a length of time necessarily implicates due process concerns. There is no question that, at some point in time, a pre-order-of-removal detention under § 1226(c) will implicate due process concerns. After all, Homeland Security may not detain a "criminal alien" indefinitely while trying to determine whether he should be removed. In this case, however, there is no evidence of intentional or reckless delay in the administrative process.

Although the court agrees with the magistrate judge that this period of time probably does not yet implicate due process concerns, it is quickly approaching the outer limit of the time due process can tolerate. While it is true that Petitioner has been a

---

[1] Petitioner was taken into custody on June 1, 2011. By early 2012, an immigration judge determined (erroneously, according to the Fifth Circuit) that Petitioner was not eligible for adjustment of his status from asylee to permanent resident alien, and that determination was affirmed by the BIA on June 27, 2012, not quite thirteen months after Petitioner was taken into custody. Petitioner appealed and the Fifth Circuit stayed removal. The next 20 months of Petitioner's incarceration occurred while the matter was pending before the Fifth Circuit, which vacated the prior final order of removal and remanded to the BIA in February 2014. The magistrate judge correctly determined that since February, Petitioner returned to the status of a "pre-order of removal" criminal alien, *mandatorily* detained under § 1226(c). Therefore, the total time Petitioner has been incarcerated under § 1226(c) is now approaching 19 months.

§1226(c) detainee for 19 months, he has been in actual, continuous custody for more than three years. Because Petitioner's continued incarceration will implicate due process concern at some juncture, rather than dismissing this action without prejudice and requiring the Petitioner to file a new *habeas corpus* petition in a matter of weeks or months, the court will recommit this matter to the magistrate judge. The magistrate judge is tasked with obtaining another status update from the Respondents and to then assess whether the new information implicates due process in relation to Petitioner's continued detention and his right to an individualized bond hearing.

A separate order will be entered. The Clerk is DIRECTED to mail a copy of the foregoing to the Petitioner.

DATED this 28th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE